Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 0383 | **DATE** | 5/2/2001 |
| **CASE TITLE** | Miroslav Anic vs. DVI Financial Services, Inc., and DVI, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached Memoradum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part. Counts IV-V and VII-VIII of Anic's complaint are dismissed. [Doc. #5].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| X | Notified counsel by telephone. — Attorneys received copies from chambers | date docketed | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| DC (1c) | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MIROSLAV ANIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 0383 |
| v. ) | |
| ) | HONORABLE DAVID H. COAR |
| DVI FINANCIAL SERVICES, INC., and ) | |
| DVI, INC., ) | |
| ) | |
| Defendants. ) | |

DOCKETED
MAY 0 3 2001

## MEMORANDUM OPINION AND ORDER

Miroslav Anic ("Anic") brings this eight-count action against DVI Financial Services, Inc., and DVI, Inc. (collectively, "DVI"). This action, originally brought in state court, was removed to the district court under diversity jurisdiction pursuant to 28 U.S.C. § 1441. For the reasons discussed below, defendants' motion to dismiss is granted in part and denied in part.

## I. Standard of Review

In reviewing a motion to dismiss, the court takes as true all factual allegations in the the plaintiff's pleadings and draws all reasonable inferences in his favor. Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir. 1996). A motion to dismiss will be granted when it appears beyond a doubt from the pleadings that the plaintiff is unable to prove any set of facts consistent with the allegations that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984).

## II. Background

The allegations in Anic's complaint, which the court takes as true for purpose of this motion to dismiss, states the following. Plaintiff, a resident of Chicago, was a General Manager and two-thirds owner of Third Coast Capital LLC ("TCC-LLC"), which engaged in the business of venture capital financing ("venture financing business") through Third Coast Venture Lease Partners, LP ("Fund"). Compl. ¶¶ 2, 5, 6. As of March 1998, the Funds' General Partner ("TCC-GP") owned a one percent interest in the Fund while the Fund's limited partner CFSC Capital Corporation XXVIII ("Cargill") owned a 99% limited partnership interest in the Fund. Compl. ¶ 7.

In early 1998, Cargill, wishing to exit the venture financing business, sought to sell its interest in the Fund. Compl. ¶ 18. In April 1998, Anic undertook negotiations with senior officers of DVI, a Delaware corporation, with the aim of brokering a sale of the limited partnership interest in the Fund. Compl. ¶¶ 20-25. In June 1998, DVI purchased Cargill's interest in the Fund for $7.6 million. Compl. ¶¶ 23, 35-37. DVI agreed to "stand in the shoes of Cargill," Compl. ¶ 27, and assumed Cargill's rights and obligations, including the continuance of the Carried Interest Profits and Warrant Distribution Policies as set forth in a 1996 agreement. Compl. ¶¶ 29-30. DVI also represented that it had sufficient financial resources to enable Anic to expand the financing offered by the new venture financing business. Compl. ¶¶ 31-32. In addition, DVI purchased TC-GP's 1% general interest in the Fund. Compl. ¶ 45.

In reliance on DVI's promises, Anic agreed to sell to DVI the assets of TCC-LLC, including a servicemark in the name "Third Coast Capital" ("subject servicemark"). Compl. ¶¶ 33, 38. After DVI's purchase of TCC-LLC, Anic continued to provide management services to

the Fund, but in the capacity of an employee to the Fund rather than through TCC-LLC, the former manager of the Fund. Compl. ¶¶ 33, 39.

### III. Discussion

Anic's complaint sets out eight counts against DVI. Count I alleges fraudulent misrepresentation; count II, unjust enrichment; count III, conversion; count IV, unfair competition; count V, violations of the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq., and the Uniform Deceptive Trade Practices Act, 865 ILCS 510/1 et seq.; and counts VI-VIII, breach of contract.

Before turning to a discussion of each individual count, the court first address's DVI's blanket argument that Anic's complaint be dismissed under Rule 8 of the Federal Rules of Civil Procedure. Some counts state multiple causes of action, DVI contends, while others, fail to state a claim for relief. DVI's argument is amiss. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement need only be sufficient to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 45, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

As evidenced by DVI's memoranda in support of their motion to dismiss, the defendants have been given "fair notice" of the nature of the claims advanced against them. Defendants' brief fleshes out each of the eight counts contained in Anic's complaint and presents extensive arguments on the sufficiency of each. Clearly, DVI has been apprised of the claims against

them; thus, defendants' argument in support of their motion to dismiss fails to the extent that it presents a generalized attack on the "prolixity" of the complaint.

Count I: Fraudulent Misrepresentation

Under Illinois law, which the parties agree applies to this case, the elements of common law fraud are: (1) a false statement of material fact; (2) defendant's knowledge or belief that the statement was false; (3) defendant's intent to induce action by plaintiff in reliance on the statement; (4) plaintiff's action in reliance on the truthfulness of the statement; and (5) injury to the plaintiff resulting from that reliance. Athey Prod. Corp. v. Harris Bank Roselle, 89 F.3d 430, 434 (7th Cir. 1996). Where a claim of fraud is advanced, Rule 9(b) requires that the complaining party state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b)[1]; Bankers Trust Co. v. Old Republic Insur. Co., 959 F.2d 677, 682 (7th Cir. 1992). These circumstances include "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078 (7th Cir. 1997).

Anic alleges that the defendants engaged in a scheme to defraud him of his venture financing business, including its profits, the subject servicemark, and his expertise. See Compl. ¶¶ 41-42. Specifically, his complaint sets forth the following allegations: that between April 6,

---

[1] Fed. R. Civ. P. 9(b) reads: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity, Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

and June 30, 1998, he communicated via telephone and in person with DVI officers regarding their involvement in his venture financing business (compl. ¶¶ 22-24); that at a June 23, 1998, meeting, DVI's board of directors agreed to purchase Cargill's interest in the fund in exchange for assuming Cargill's rights and obligations and additionally promising to provide financing for Anic's venture financing business (compl. ¶¶ 25-32); that DVI knowingly misrepresented its financial status in order to induce Anic to become an employee and make certain financial concessions, including selling the assets of TCC-LLC to defendants and permitting defendants to use the subject servicemark (compl. ¶¶ 33, 42[2], 46); that in reliance on these representations, Anic, among other things, agreed to sell the assets of TCC-LLC and to allow defendants to use the servicemark (compl. ¶¶ 38-40, 43-45); and that as a result of his reliance on defendants' misrepresentations, Anic suffered losses in his business investments as well as monetary losses (compl. ¶¶ 53-54).

The court finds that the above allegations adequately set forth the "who, what, where, when, and how" of the alleged fraudulent scheme. Anic identifies the DVI officers with whom he communicated, the dates of their communications, and the nature of their false representations regarding DVI's financial situation and the extent of its available resources. Anic also asserts that he acted in reliance on the defendants' misrepresentations and specifies the resulting losses.

The plaintiff is not required to plead facts supporting the falsity of the alleged misrepresentation. General Elec., 959 F.2d at 683. In addition, intent to deceive and knowledge

---

[2] In paragraph 42 of his complaint, Anic refers to defendants' false "Profits and Investment Promises." The substance of these representations are detailed in paragraphs 30 and 31-32, respectively.

of falsity may be averred generally. <u>Microsoft Corp. v. Logical Choice Computers, Inc.</u>, 2000 WL 1038143, at *5 (N.D. Ill. Jul. 24, 2000). However, the factual allegations articulating the circumstances surrounding the fraudulent statement must give rise to a reasonable inference that the defendant acted with fraudulent intent. <u>Id.</u> See also <u>DiLeo v. Ernst & Young</u>, 901 F.2d 624, 629 (7th Cir. 1990) ("Although Rule 9(B) does not require 'particularity' with respect to the defendants' mental state, the complaint still must afford a basis for believing that Plaintiffs could prove scienter.") Here, Anic alleges that the defendants made promises that were "false at their making and made to induce [his] reliance and to facilitate Defendants' misappropriation and conversion of the Subject Servicemark and Mr. Anic's Venture Financing Business, including its profits." Compl. ¶ 42. These allegations, albeit general, give rise to an inference that the defendants were motivated to act with fraudulent intent. Anic's claim for fraud passes the threshold outlined in Rule 9(b).

Count II: Unjust Enrichment

To sustain a claim for unjust enrichment, the plaintiff must allege that the defendant unjustly retained a benefit to the plaintiff's detriment, and that the defendant's retention of that benefit violates fundamental principles of justice, equity, and good conscience. <u>Athey</u>, 89 F.3d at 436. In Count II, Anic claims that DVI unjustly retained profits from the alleged misappropriation of the subject servicemark and his venture financing business. Compl. ¶ 59. Anic also alleges that he suffered monetary losses. Compl. ¶¶ 53-54, 56. These allegations are sufficient to state a cause of action for unjust enrichment.

In response to counts I though III, defendants argue that plaintiff's claims fail because he acknowledges in his complaint that the subject servicemark and the venture financing business were sold to defendants. Compl. 33, 38. Defendants could not have misappropriated, unjustly retained, or converted assets that were sold to them, their theory goes. Anic's contention, however, is that the transfer of the subject servicemark and the venture financing business was fraudulent. "Allegations of wrongdoing on the part of defendants are sufficient to show that under principles of equity and good conscience, defendants should not be permitted to retain the benefit and profits of property which are wrongfully obtained." Conant v. Karris, 165 Ill. App. 3d 783, 792, 117 Ill. Dec. 406, 412, 520 N.E.2d 757, 763 (Ill. App. Ct. 1987). Thus, in light of the alleged fraudulent misappropriation of the assets at issue, plaintiff's claims withstand defendants' motion to dismiss.

Count III: Conversion

To establish a claim for conversion, a plaintiff must set forth the following: (1) that he has a right to property; (2) that he has an absolute and unconditional right to the immediate possession of the property; (3) that he made a demand for possession; and (4) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. Cirricione v. Johnson, 184 Ill. 2d 102, 114, 703 N.E.2d 67, 70, 234 Ill. Dec. 455, 458 (Ill. 1998).

Anic alleges that defendants possess the subject servicemark and the venture financing business allegedly taken by misappropriation. Compl. ¶ 59. Despite Anic's demands for the return of these assets, DVI continues to retain them, plaintiff asserts. Id. Moreover, Anic claims

rights to the subject servicemark and the venture financing business. Compl. ¶¶ 10, 5-6, 11. Anic's allegation sets forth the necessary elements of a conversion claim.

Count IV: Unfair Competition

The law of unfair competition is founded on the theory that business competitors engage in activities which, though not actionable under other commercial theories, "shock the judicial sensibilities" or "violate standards of commercial morality." Wilson v. Electro Marine Sys., Inc., 915 F.2d 1110, 1118 (7th Cir. 1990). As a general matter, unfair competition arises where the defendant "misappropriates the labors and expenditures" of the plaintiff to the benefit of the former and the detriment of the latter. 988 F. Supp. 1194, 1200; Data Cash Sys., Inc. v. JS&A Group, Inc., 480 F. Supp. 1063, 1070 (N.D. Ill. 1979). The Seventh Circuit, reviewing New York law, articulated the following requisite elements for unfair competition claims: (1) that the defendant obtained access to an idea through an abuse of a fiduciary or confidential relationship with the plaintiff or via fraud or deception; and (2) that the defendant's use of the idea deprived plaintiff of the opportunity to benefit from its due profits. Wilson, 915 F.2d at 1118 (commenting that unfair competition occurs where "one party reaps where another has sown").

In analyzing common law unfair competition claims, the courts have noted that the "law of unfair competition is elusive; its elements escape definition." Wilson, 915 F.2d at 1118-19. See also Gorgonz Group v. Marmon Holdings, Inc., 2001 WL 103406, at *4 (N.D. Ill. Jan. 30, 2001). Normally, claims of unfair competition are broadly construed. Zenith Elec. Corp. v. Exzec, Inc., 1997 WL 223067, at 6 (N.D. Ill. Mar. 27, 1997). No matter how broad a brush with

which we define this claim, however, Anic's claim is not viable under the rubric of unfair competition.

In the usual case, unfair competition claims arise where one business takes advantage of another's resources and quashes competition. See, e.g., Return on Investment, 702 F.Supp. 677, 681 (N.D. Ill. 1988) (finding unfair competition claim adequately stated in antitrust action where plaintiff alleged that defendant committed unlawful acts to prevent plaintiff from competing). Laser Indus. v. Eder Instrument Co., Inc., 573 F. Supp. 987 (N.D. Ill. 1983) (unfair competition claim embraces passing off goods or business of another as own or misusing trade secret or other confidential information).

Here, Anic asserts that defendants "misappropriated his confidential know-how, expertise, and venture financing business information to their commercial advantage and their conduct is likely to confuse consumers." Compl. ¶ 62. In contrast to the typical unfair competition claim, Anic does not allege how DVI used Anic's resources to obtain an unfair competitive advantage. There was and is no competition between the parties. In fact, Anic acknowledges that he served as an employee of DVI, and he has not claimed that DVI is attracting business using Plaintiff's knowledge. As such, Anic's unfair competition claim fails.

The case law also equates common law unfair competition claims with tortious interference with business relationships or tortious interference with prospective economic advantage. Gorgonz, 2001 WL 103406, at *4. Neither of these alternative theories, however, can be sustained under the allegations contained in Anic's complaint. Specifically, Anic cannot avail himself of the alternative theory because, as an at-will employee, he had no reasonable

expectation of a business relationship. Cashman v. Shinn, 109 Ill. App. 3d 1112, 1117-18, 65 Ill. Dec. 625, 629, 441N.E.2d 940, 944 (Ill. App. Ct. 1982). Accordingly, Count IV is dismissed.

Count V: Consumer Fraud Act and Deceptive Trade Practices Act

The Illinois Consumer Fraud Act ("Consumer Fraud Act"), 815 ILCS 505/1 et seq., proscribes unfair methods of competition or deceptive practices, including fraud. To state a claim under the Consumer Fraud Act, a plaintiff must allege: (1) a deceptive act or practice; (2) defendants' intent that plaintiff rely on the deception; (3) that the deception occurred in the course of conduct involving trade or commerce; and (4) the consumer fraud was a proximate cause of plaintiff's injury. Anderson v. Rizza, 9 F. Supp. 2d 908, 915 (N.D. Ill. 1998).

As the name implies, the Consumer Fraud Act is principally aimed at consumer protection. Microsoft, 2000 WL 1038143, at *6. The act defines a "consumer" as one who "purchases or contracts for the purchase of merchandise not for sale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). Anic fails to tender any facts which would qualify him as a consumer within the meaning of the act. Standing requirements are also satisfied where a competitor alleges that a defendant's misconduct has an ongoing market impact and implicates consumer protection concerns. Sanfield v. Finlay Fine Jewelry Corp., 857 F. Supp. 1241, 1249 (N.D. Ill. 1994). Anic's complaint is devoid of such allegations and these pleading requirements cannot be reasonably inferred from the face of the complaint.

Non-consumers may establish claims under the Deceptive Trade Practices Act, 815 ILCS 510/1 et seq., where the alleged misconduct "involves trade practices addressed to the market

generally or otherwise implicates consumer protection concerns." Athey, 89 F.3d at 437. Upon reviewing the complaint, the court finds no basis for establishing a nexus between the alleged wrongdoing and consumer protection concerns. Count V is accordingly dismissed.

Counts VI - VIII: Breach of Contract

In Counts VI through VIII, Anic claims that DVI breached various contractual obligations. Specifically, in Count VI, Anic alleges that DVI breached a promise to pay warrant profits. Count VII alleges a breach of a promise to pay cash profits. Finally, Count VIII alleges a breach of an employment contract.

A beach of contract claim must present the following elements: (1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) the plaintiff's performance of all required contractual conditions; (5) the defendant's breach of the terms of the contract; and (6) damages resulting from the breach of contract. Barille v. Sears Roebuck & Co., 289 Ill. App. 3d 171, 175, 224 Ill. Dec. 557, 560, 682 N.E.2d 118, 121 (Ill. App. Ct. 1997).

In Count VI, Anic alleges that the parties contracted to compensate Anic in the form of warrant profits in exchange for the liquidation of his Cisco common stock shares. Compl. ¶¶ 41-43 (Count VI)[3]. The relevant paragraphs also recite the terms of the contract. See id. Anic then states that defendants repudiated their promise by refusing to pay him warrant profits. Compl. ¶ 44 (Count VI). Anic further alleges that he performed his contractual conditions, liquidating the

---

[3] Plaintiff's complaint is misnumbered. Although Count VI should have commenced with paragraph 65, Counts VI, VII and VIII all begin with paragraph 41. For the sake of consistency, the court refers to these erroneously numbered paragraphs by the cites given them in the complaint. A parenthetical will identify which count the cited paragraph falls under.

Cisco stock. Compl. ¶ 43 (Count VI) . Finally, Anic sets forth the monetary losses incurred as a result of the alleged breach. Compl. ¶¶ 48 (Count VI). These allegations state a claim for breach of contract.

Count VII, on the other hand, does not fare so well. Anic alleges that DVI failed to pay him cash profits. Compl. ¶¶ 41-42 (Count VII). There is no allegation of what consideration was given, nor were the terms of the offer and acceptance or plaintiff's performance specified. Consequently, Anic's failure to produce these factual allegations is fatal to this claim. Count VII is dismissed.

In addition, Anic's breach of employment contract claim does not survive defendants' motion to dismiss. The complaint presents the terms of the alleged employment contract, and alleges that DVI failed to pay Anic the promised sums and benefits upon the termination of his employment. Compl. ¶¶ 41-42 (Count VIII). Although this count addresses the terms of an alleged contract and a breach, it fails to articulate the other elements required in a breach of contract claim. Therefore, Count VIII is dismissed.

## IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted in part and denied in part. Counts IV-V and VII-VIII of Anic's complaint are dismissed.

Enter:

*David H. Coar* (signature)

David H. Coar

United States District Judge

Dated: MAY - 2 2001