Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 383 | **DATE** | 12/12/2002 |
| **CASE TITLE** | Miroslav Anic vs. DVI, Inc., et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Anic's Motion for Summary Judgment on DVI Inc. and DVI Financial Service's counterclaims

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the Attached Memorandum Opinion and Order, summary judgment is GRANTED in favor of Anic and against DVI Inc. and DVI Financial Services on Counts I and II of DVI Inc. and DVI Financial Service's counterclaim. Anic's motion for summary judgment is DENIED on Counts III and IV of DVI Inc. and DVI Financial Service's counterclaim. [52-1]. Defendants' motion to strike plaintiff's Local Rule 56.1(a)(3) statement is denied as moot [61-1]. Plaintiff's motion to strike Thomas Golden's Interim Expert Report is denied as moot [71-1]. The parties are instructed to submit a copy of their proposed jury instructions on a 3 ½ x 5 disc to chambers by December 30, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| ☐ No notices required, advised in open court. | 3 number of notices | Document Number |
| ☐ No notices required. | DEC 13 2002 date docketed | 104 |
| ✓ Notices mailed by judge's staff. | docketing deputy initials | |
| ☐ Notified counsel by telephone. | 12-12-02 date mailed notice | |
| ☐ Docketing to mail notices. | mailing deputy initials | |
| ☐ Mail AO 450 form. | | |
| ☐ Copy to judge/magistrate judge. | | |

klb (lc) courtroom deputy's initials

Date/time received in central Clerk's Office

U.S. DISTRICT COURT CLERK

02 DEC 12 PM 6:17

FILED-ED10

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 1 3 2002

| | |
|---|---|
| MIROSLAV ANIC,<br><br>Plaintiff,<br><br>v.<br><br>DVI, INC., et. al.,<br><br>Defendants. | No. 01 C 383<br><br>HONORABLE DAVID H. COAR |
| DVI, INC., et. al.,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>MIROSLAV ANIC,<br><br>Counter-Defendant. | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Miroslav Anic, brought an eleven count complaint in this Court against DVI Financial Services and DVI for fraud, unjust enrichment, conversion, unfair competition, deceptive business practices, and breach of contract arising from defendants' alleged retention of profits from their misappropriation of the Third Coast Capital servicemark, the domain name and Anic's goodwill, and expertise. The defendants filed a counterclaim alleging fraud, breach of fiduciary duty, conversion, unjust enrichment, and unfair competition arising from plaintiff's alleged failure to fulfill his duty as co-manager of Third Coast Capital. Before this Court is

104

plaintiff's motion for summary judgment on all of defendants' counterclaims. For the reasons set forth below, the plaintiff's motion is granted in part and denied in part.

I. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Michael v. St. Joseph County, et. al, 259 F.3d 842, 845 (7th Cir. 2001). A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995).

Because the purpose of summary judgment is to isolate and dispose of factually unsupported claims, the non-movant must respond to the motion with evidence setting forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e); Michael, 259 F.3d at 845; Albiero v. City of Kankakee, 246 F.3d 927, 932 (7th Cir. 2001). To successfully oppose the motion for summary judgment, the non-movant must do more than raise a "metaphysical doubt" as to the material facts, see Wolf v. Northwest Ind. Symphony Soc'y, 250 F.3d 1136, 1141 (7th Cir. 2001) (citation and quotation omitted), and instead must present definite, competent evidence to rebut the motion, see Albiero, 246 F.3d at 932. Rule 56(c) mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will

bear the burden of proof at trial." Celotex, 477 U.S. at 322, 106 S. Ct. at 2552-53. A scintilla of evidence in support of the non-movant's position is not sufficient to oppose successfully a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson, 477 U.S. at 250, 106 S. Ct. at 2511.

## II. Factual Background

Plaintiff, Miroslav Anic, is a resident of Chicago, Illinois. At all material times prior to July 1, 1998, Mr. Anic owned 66 2/3% of Third Coast General Partner-1 ("TCGP") and Third Coast Capital, LLC ("TCC"). Defendant, DVI, Inc., is a Delaware corporation with its current place of business in Jamison, Pennsylvania. Defendant, DVI Financial Services, Inc., a wholly owned subsidiary of DVI, is a Delaware corporation with its principal place of business in Jamison, PA.

Anic was in the venture financing business, providing equipment financing to emerging growth companies, primarily in the form of leases and secured loans. Third Coast Venture Lease Partners I, LP, a Delaware limited partnership (hereinafter the "Fund"), organized to provide capital for up to $66,000,000 in venture financing business transactions whose limited partner, CFSC Capital Corp XXVIII (hereinafter "Cargill"), then owned a 99% limited partnership interest in the fund. Anic owned 66 2/3% of Third Coast General Partner-1 ("TCGP"), which was the general partner of the Fund (1% interest). Anic was the Fund's general manager. Third Coast Capital, LLC ("TCC") was a management company that, through its general manager, Anic, originated transactions and managed the venture financing business. Kathleen Wilkerson co-owned TCGP and TCC with Anic, holding a 33 1/3% interest.

In May and June 1998, DVI, through Michael O'Hanlon and Anthony Turek, engaged in negotiations with Anic and Wilkerson to purchase Cargill's interest in the Fund. On or about June 26, 1998, Turek and Anic executed a letter of intent. On June 30, 1998, DVI Financial Services purchased Cargill's interest in the Fund as well as the Fund's equipment and receivables. DVI also purchased the assets of TCC. On July 1, 1998, Anic joined DVI Financial Services as an employee of Third Coast Capital, a newly created division of DVI Financial Services. In June 1999, DVI purchased TCGP's interest in the Fund and the Third Coast Capital servicemark was registered under the name of DVI Financial Services, Inc. In June 2000, Anic resigned from his position as manager of Third Coast Capital.

III. Discussion

Count I of DVI's counterclaim alleges that plaintiff committed fraud by misleading DVI about his intent to manage TCC during their negotiations for the purchase of TCC. DVI claims that Anic's representation that he would continue to manage TCC's core business - venture leasing - was critical to DVI's decision to acquire TCC and to hire plaintiff and Wilkerson. Plaintiff argues that DVI's fraud claim is not cognizable under Illinois law because it does not involve a misrepresentation of fact and is essentially a claim for promissory fraud.

Promissory fraud is generally not actionable under Illinois law, but there is an exception to this rule "where the false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud." Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992) (quoting Steinberg v. Chicago Medical School, 69 Ill.2d 320, 13 Ill. Dec. 699, 706, 371 N.E.2d 634, 641 (Ill. 1977)). The scheme exception applies where "a party makes a promise of performance, not intending to keep the promise but intending for another party to rely on it, and

where the other party relies on it to his detriment." Bower, 978 F.2d at 1011 (quoting Concord Industries, Inc. v. Marvel Industries Corp., 122 Ill. App.3d 845, 78 Ill. Dec. 898, 901, 462 N.E.2d 1252, 1255 (Ill. 1984).

In this case, DVI alleges that Anic falsely represented that he would devote his full time efforts to the management of Third Coast Capital in order to induce DVI to purchase Cargill's interest. Thus, according to DVI, Anic's representation was part of his scheme to defraud DVI. There are several problems with this argument. The first is that Anic claims that he never told DVI that he would devote his full time efforts to the management of Third Coast Capital. Second, even if Anic did state that, the Letter of Intent does not memorialize that understanding and paragraph 16 specifically states: "It is understood that this letter sets forth an agreement in principle only, is not binding upon the parties hereto, and my not be relied upon as the basis for a contract by estoppel or be the basis for a claim based on detrimental reliance or any other theory." Third, DVI never executed an employment contract with Anic specifically setting forth its expectations of Anic. To the contrary, DVI claims there was no employment contract at all and that Anic was an at will employee. To the extent that DVI claims that the obligation was implied by Anic's acceptance of the co-manager position, the claim is not cognizable. The threshold for bringing a fraud action under the scheme or device exception is not met where the claimant alleges no more than an implied promise or representation as the predicate for fraud. See Holymatic Corp. v. Holly Systems, Inc., 620 F. Supp 1366, 1370 (N.D. Ill. 1985). DVI's argument is basically that after a year working as the co-manager of Third Coast Capital, Anic became bored and wanted to move on to other projects at DVI. Even if that is true, that does not evidence an intent to defraud. There simply is no proof that Anic made the alleged promise with

an intent to defraud DVI. The evidence is that Anic performed his duties as manager of Third Coast Capital for at least some 12-16 months after his DVI employment began, on July 1, 1998. The fact that he ultimately resigned does not shed any light on his intent to keep his alleged promise. Without "specific, objective manifestations of fraudulent intent" there can be no promissory fraud. Holymatic, 620 F. Supp at 1369. Accordingly, summary judgment is granted on Count I of the Counterclaim.

In Count II, the defendants allege that Anic breached his fiduciary duty by failing to perform the duties of his job, by copying confidential information to which he had access only as a result of his employment with DVI, and by converting Third Coast Capital property upon leaving the premises. Since DVI is a Delaware corporation, this Court must apply the law of that state in determining whether Anic, as a manager of DVI, has breached any fiduciary duty owed to the defendant. See Panter v. Marshall Field & Co., 485 F.Supp. 1168, 1192 (N.D. Ill. 1980). Under Delaware law, key managerial personnel such as Anic, owe their employer duties of loyalty and due care. See Orman v. Cullman, 794 A.2d 5, 14 (Del. Ch. 2002); Science Accessories Corp. v. Summagraphics Corp., 425 A.2d 957, 962-964 (Del.1980). No case authority has been cited by defendant to support the proposition that a managerial employee breaches his fiduciary duty by simply failing to perform his job. Defendant seeks to recoup the compensation it paid to Anic during the months that he failed to perform his duties. The defendants have not alleged, however, that Anic was neglecting his duties at Third Coast Capital in order to pursue an interest adverse to the defendant - a clear violation of the duty of loyalty. The failure to fulfill job responsibilities may make an individual a bad employee and may be reason to fire him, but without more, it is not a basis for a breach of fiduciary duty claim.

The defendants also seek to hold Anic liable for a breach of fiduciary duty due to his proposal that Third Coast Capital be sold to a new venture leasing group at a price substantially below its fair market value. This proposal came after plaintiff's resignation. Thus, his proposal cannot be a basis for a breach of fiduciary duty action. See Total Care Physicians, PA v. O'Hare, 798 A.2d 1043, 1059 n. 46 (Del Super. 2001); Dionisi v. DeCamplie, 1995 WL 398536 (Del. Ch. June 28, 1995); People Sec. Life Ins. Co. v. Fletcher, 1988 WL 26791 at * 3 (Del. Ch. Mar. 16, 1988). Even if it were possible to maintain a breach of fiduciary action based on post-resignation activities, there is no factual basis to believe or even an allegation that Anic would have personally benefitted from such a sale or that he had an interest in the venture leasing group. Thus, summary judgment is granted in favor of Anic on Count II of the counterclaim.[1]

In Count III, defendant alleges that when plaintiff left DVI he took furniture belonging to DVI as well as confidential and proprietary DVI documents. To prevail on a conversion claim, DVI must prove that: (1) it has a right to the property; (2) it has an absolute and unconditional right to the immediate possession of the property; (3) it made a demand for possession; and (4) plaintiff wrongfully and without authorization assumed control, dominion, or ownership of the property. See Cirrincione v. Johnson, 184 Ill.2d 109, 114 (Ill. 1998). Plaintiff does not deny that he took furniture that belonged to DVI. Rather, he claims that he offered to pay $1,700.00 for the furniture and that DVI made a counter-offer. DVI claims, however, that it expressly and unequivocally demanded that plaintiff return its furniture and never made a counter-offer. This is a factual matter which is improper for this Court to decide at this juncture. As there is a genuine

[1]The defendant also asserts that Anic's taking of furniture and documents are a breach of his fiduciary duty. These claims are more properly dealt with in Count III - conversion.

issue of material fact regarding the conversion of the office furniture, summary judgment is denied.

The defendants next claim that plaintiff copied DVI's confidential and proprietary documents. Defendants assert that various employees saw plaintiff copying documents from TCC's files, including lease documents which are confidential. Plaintiff maintains that he did not copy any confidential or proprietary documents and offered to let DVI officials come and view the documents that he copied. DVI officials never did so. It is not clear whether the documents actually were confidential and proprietary. Construing the evidence in the light most favorable to the non-moving party, DVI, it is possible that the jury may infer based on the volume of the documents copied and other circumstantial evidence that some of the documents were confidential and proprietary. Accordingly, summary judgment is denied.

In Count IV, DVI alleges that plaintiff was unjustly enriched due to plaintiff's retention of compensation and employment benefits paid to him during the time he took a leave of absence from TCC. In late 1999, plaintiff presented two notes from his physician, Dr. David Edelberg, requesting a medical leave of absence for plaintiff's herpes zoster condition (commonly referred to as "shingles"). The notes from Dr. Edelberg authorized a medical leave until January 10, 2000. Anic did not return to work, however, until late January. In addition, Wilkerson testified in her deposition that in December 1999 Anic stated that he "felt great" and intended to "milk" his medical leave for all he could. There are material factual issues in dispute regarding Anic's illness. Accordingly, summary judgment is denied.

DVI next alleges that Anic was unjustly enriched due to (1) plaintiff's retention of compensation and employment benefits from November 1999 through the end of his employment

at DVI, during which time he failed to manage TCC and (2) plaintiff's retention of TCC profits overpaid to him during the time he was an employee of DVI. There is no written employment contract between Anic and DVI. Thus, any contract between plaintiff and DVI relates solely to the agreement that plaintiff would work for DVI and DVI would compensate plaintiff for his efforts. There is conflicting evidence concerning Anic's performance, or lack thereof, at DVI. Whether or not Anic lived up to the agreement is a factual matter that is best left up to the jury to decide. Accordingly, summary judgment is denied on Count IV of the counterclaim.

## Conclusion

For the foregoing reasons, summary judgment is GRANTED in favor of Anic and against DVI on Counts I and II of DVI's counterclaim. Anic's motion for summary judgment is DENIED on Counts III and IV of DVI's counterclaim.

Enter:

David H. Coar
United States District Judge

Dated: December 12, 2002